IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JAMES B. MITCHELL, JASON M.
FEDELE, and TIFFNEY R. FEDELE                                        PLAINTIFFS

V.                              CASE NO. 5:14-CV-05176

JANET L. PLOUDRE, GRANT
EDWARDS, RONALD SCAMARDO,
BETH PHILLIPS, UNITED STATES OF
AMERICA, and UNKNOWN U.S. MARSHALS                                   DEFENDANTS

## OPINION AND ORDER

Currently before the Court are Separate Defendants Beth Phillips' and Ronald Scamardo's Motions to Dismiss All Claims Pursuant to Fed. R. Civ. P. 12(b), or in the Alternative, Motions for Summary Judgment (Docs. 70 and 75) and Briefs in Support (Docs. 72 and 76), as well as Plaintiffs James B. Mitchell's, Jason M. Fedele's, and Tiffney R. Fedele's Responses in Opposition (Docs. 80, 82, and 87). Also before the Court are the Report and Recommendation (Doc. 89) ("R & R") on Separate Plaintiff Jason M. Fedele's Motion for Leave to Appeal In Forma Pauperis (Doc. 86), as well as Plaintiff's Objections to the R & R (Docs. 90, 92, and 93).

For the reasons described herein, Defendants' Motions to Dismiss (Docs. 70 and 75) are **GRANTED**. The R & R (Doc. 89) is **ADOPTED IN ITS ENTIRETY** and therefore Jason M. Fedele's Motion for Leave to Appeal In Forma Pauperis (Doc. 86) is **DENIED**.

### I. BACKGROUND

Plaintiffs bring this action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that United States Attorney Conner

Eldridge, and Assistant United States Attorneys Kyra E. Jenner, Tracy A. Triplett, Christopher Plumlee, Kenneth Elser, Deborah F. Groom, Candace L. Taylor, and Beth Phillips (the "Prosecution Team")[1] conspired with Internal Revenue Service ("IRS") special agent Janet L. Ploudre, and IRS task force officers Grant Edwards[2] and Ronald Scamardo ("IRS Investigators") in order to bring to the grand jury the false charge of "enticing minors to engage in prostitution" in violation of 18 U.S.C. § 2422(b) so that the Court would detain Plaintiffs without bail. Plaintiffs allege that because § 2422(b) carried a ten year mandatory minimum sentence, the Court denied Plaintiffs bail. Plaintiffs also assert that the Prosecutors coerced several witnesses and co-conspirators to falsely accuse Plaintiffs of knowingly hiring minor escorts. Plaintiffs point out that they did not plead guilty to the charge of enticing minors to engage in prostitution, as that count was dismissed at sentencing. As compensation, Plaintiffs seek compensatory damages in the amount of $1,000,000 and punitive damages in the amount of $4,000,000 for each Plaintiff.

The remaining Defendants seek dismissal under several theories, including absolute immunity and/or qualified immunity, and no *respondeat superior* liablity. Primarily, they argue that conduct surrounding the arrest and prosecution of Plaintiffs is protected by absolute immunity, and that Plaintiffs' acceptance of the presentence investigation report ("PSR") without objections at sentencing estops Plaintiffs from denying that at least one

---

[1]The Court previously dismissed Separate Defendants United States Attorney Conner Eldridge and Assistant United States Attorneys Kyra E. Jenner, Tracy A. Triplett, Christopher Plumlee, Kenneth Elser, Deborah F. Groom, and Candace L. Taylor from suit in its November 19, 2014 Order (Doc. 63).

[2]Grant Edwards was never served and is therefore not a party to this lawsuit. Further, the Unknown U.S. Marshals were not served and are not parties to this lawsuit.

minor was involved in prostitution. In response, Plaintiffs argue, among other things, that the remaining Defendants fabricated evidence before filing formal charges against them, thus removing the protection of absolute and/or qualified immunity.

As Separate Defendants Phillips and Scamardo can be dismissed under theories of absolute or qualified immunity, it is unnecessary to address the other issues presented in the parties' briefs.

## II. LEGAL STANDARD

In ruling on a motion to dismiss, the Court "accepts as true all of the factual allegations contained in the complaint" and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). All reasonable inferences from the complaint must be drawn in favor of the plaintiff. *Crumpley–Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). Nevertheless, the complaint must include facts sufficient to show that the plaintiff is entitled to relief. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Where the facts presented in the complaint do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown "that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

When considering a motion to dismiss, the Court ordinarily does not consider matters outside the pleadings. See Fed. R. Civ. P. 12(d). The Court may, however, consider exhibits attached to the complaint and documents that are necessarily embraced by the pleadings, *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697, n.4 (8th Cir. 2003), and may also consider public records, *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007).

### III. DISCUSSION

#### A. Beth Phillips

Plaintiffs allege that Phillips, as part of the Prosecution Team, conspired with the IRS Investigators to coerce witnesses to provide false statements that Plaintiffs enticed minors into prostitution, which resulted in the Court's denial of bail. Specifically, the First Amended Complaint ("Complaint") alleges the following:

Defendants . . . conspired and collaborated amongst one another to deliberately bring forth false charges . . . for which no just probable cause existed to indict any or all of the Plaintiffs for two (2) counts of violating 18 U.S.C. § 2422(b) "enticing a minor to engage in prostitution" which carries a ten-year mandatory minimum sentence (if convicted) for the sole purpose of having the Court detain each of the Plaintiffs with no bail throughout the duration of the Defendants prosecuting them, and . . . the Plaintiffs were sentenced on lesser offenses. (Doc. 14, ¶ 3).

Phillips argues that, even if the above allegations are taken as true, she is entitled to absolute immunity for this conduct. "The question of whether absolute or qualified immunity applies depends on whether the prosecutor's acts were prosecutorial,

4

investigatory or administrative in nature." *Anderson,* 327 F.3d at 768. Prosecutors are entitled to absolute immunity from civil liability under § 1983, and *Bivens'* actions, when they are engaged in prosecutorial functions that are "intimately associated with the judicial process." *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) (quoting *Anderson,* 327 F.3d at 768). Thus, if Phillips acted within the scope of her duties in initiating and pursuing a criminal prosecution, she acted "quasi-judicially" and therefore enjoys the same absolute immunity as judges. *Imbler v. Pachtman*, 424 U.S. 410, 437 (1976). However, "[n]ot all of an advocate's work is done in the courtroom. For a lawyer to properly try a case, he must confer with witnesses, and conduct some of his own factual investigation." *Reasonover v. St. Louis Cnty., Mo.*, 447 F.3d 569, 579-80 (8th Cir. 2006) (citing *Cook v. Houston Post,* 616 F.2d 791, 793 (5th Cir. 1980)). *See also Buckley v. Fitzsimmons,* 509 U.S. 259, 273 (1993) (finding the duties of the prosecutor as advocate for the State involve not only actions preliminary to the initiation of a prosecution, but actions apart from the courtroom). For example, investigation to secure the information necessary to the prosecutor's decision to initiate criminal proceedings is within the quasi-judicial aspect of the prosecutor's job and therefore is absolutely immune from civil suit for damages. *Williams v. Hartje*, 827 F.2d 1203, 1210 (8th Cir. 1987).

Actions connected with the initiation of prosecution, even if those actions are patently improper, are immunized. *Id.* at 1208. Immunity is not defeated by allegations of malice, vindictiveness, or self-interest. *Reasonover*, 447 F.3d at 580 (internal citations omitted). Even if Phillips knowingly presented false, misleading, or perjured testimony, or even if she withheld or suppressed exculpatory evidence, she is absolutely immune from

suit. *Id. See also Brawer v. Horowitz*, 535 F.2d 830, 832-34 (3rd Cir. 1976) (finding the federal prosecutor was entitled to absolute immunity from allegations that he had conspired with a cooperating witness to use perjured testimony and to conceal exculpatory evidence in order to convict the plaintiff).

Plaintiffs, citing *Buckley*, argue that Phillips, along with the Prosecution Team, fabricated evidence, thus forfeiting her shield of absolute immunity. However, the Complaint does not allege any facts that would support a claim that she fabricated evidence as the prosecutor did in *Buckley*. In *Buckley*, prosecutors attempted to connect the defendant to a bootprint found at the crime scene. *Id.* at 263. After consulting with several experts who could not link the defendant to the bootprint, prosecutors utilized an anthropologist who was well known for her willingness to fabricate evidence. *Id.* Importantly, the Supreme Court noted that "[a]t the time of this witness shopping the assistant prosecutors were working hand in hand with the sheriff's detectives under the joint supervision of the sheriff and state's attorney." *Id.* at 272. After an eight-month investigation, "during which the grand jury heard the testimony of over 100 witnesses, including the bootprint experts, it was still unable to return an indictment[; however,] . . . [a]lthough no additional evidence was obtained, . . . the indictment was returned [months later]." *Id.* at 264. The purpose of the actions surrounding the bootprint was to conduct an investigation, not to return an indictment by the grand jury. *Id.* at 274-75. Contrary to the facts presented in *Buckley,* there is no allegation of such investigatory rather than prosecutorial misdconduct here.

6

Plaintiffs also point to *McGhee v. Pottawattamie Co. Iowa*, 547 F.3d 922 (8th Cir. 2008) for the proposition that generally a prosecutor is not entitled to absolute immunity before the establishment of probable cause to arrest,[3] nor is absolute immunity available to a prosecutor who violated "a person's substantive due process rights by obtaining, manufacturing, coercing and fabricating evidence before filing formal charges." *Id.* at 933. The prosecutor in *McGhee* admitted to being intensely involved in the investigation of the plaintiff prior to being assigned to the case, and before the plaintiff was a suspect. *Id.* at 926. That is not the case here.

Plaintiffs contend that Phillips, as a member of the Prosecution Team, visited Jason Fedele in an attempt to coerce him to state that Mitchell enticed minors to engage in prostitution, that members of the Prosecution Team informed Jason Fedele they intended to build a case against Mitchell for knowingly hiring minors as escorts, and that they coerced other witnesses to make false statements as to Plaintiffs hiring minors as escorts. Plaintiffs assert that the Prosecution Team did this so that Plaintiffs would be wrongfully denied bail.[4]

---

[3]*McGhee* does not discuss situations in which there is no probable cause to arrest, as the issue was not preserved on appeal.

[4]However, the facts before this Court reveal otherwise. The PSRs prepared prior to Plaintiffs' sentencings stated that they were aware that 17-year-old minors were employed in their escort service. Plaintiffs withdrew all their objections regarding the use of minors as prostitutes, which resulted in their admission of this fact. Mitchell gave a signed statement to his attorney acknowledging that he withdrew all objections to his PSR in order to gain points for acceptance of responsibility. (Doc. 55-7). He specifically acknowledged within this statement that he knew admitting to this fact would greatly increase his sentence, yet he chose not to contest it.

7

Although Plaintiffs allege that Phillips acted as an investigator, all of Phillips' acts complained of by Plaintiffs were prosecutorial functions and are therefore protected, as interviews of witnesses and co-defendants in preparation for grand jury, detention, and sentencing proceedings constitute actions associated with prosecuting Plaintiffs' alleged criminal acts. The acts of preparing, signing, and filing a criminal complaint and indictment and interviewing witnesses are prosecutorial functions, as they are advocacy on behalf of the government. *See Kalina v. Fletcher,* 522 U.S. 118, 129 (1997) (stating that "[the prosecutor's] activities in connection with the preparation and filing of two of the three charging documents-the information and the motion for an arrest warrant-are protected by absolute immunity."). As such, she is entitled to absolute immunity from liability under *Bivens* for filing charges against Plaintiffs, even if some of the charges were subsequently dropped at sentencing, and even if Plaintiffs were denied bail. Since Phillips is entitled to absolute immunity, the Court need not address whether she is entitled to qualified immunity on this issue.

### B. Ronald Scamardo

Plaintiffs make only two statements regarding Scamardo's alleged involvement—that Scamardo targeted Mitchell's escort service in conducting an investigation and that he arrested Mitchell and the Fedeles. *See* Doc. 14, ¶ 29 and 40. However, Plaintiffs contend that Scamardo is included in all allegations against the Prosecution Team. Although it is difficult to discern from the allegations within the Complaint which Defendants acted solely in a supervisory role and who was personally involved in Plaintiffs' criminal convictions, Scamardo's actions cannot be predicated on

vicarious liability. *Respondeat superior* liability does not apply to actions brought pursuant to 42 U.S.C. § 1983, or *Bivens*, as "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft*, 129 S.Ct. at 1948. "An action under *Bivens* is almost identical to an action under section 1983, except that the former is maintained against federal officials, while the latter is against state officials." *Christian v. Crawford*, 907 F.2d 808, 810 (8th Cir. 1990).

Scamardo also maintains that all claims should be dismissed against him because he is entitled to qualified immunity, or in the alternative, absolute immunity as a grand jury witness. To the extent that Plaintiffs allege Scamardo made false statements to the grand jury, he is absolutely immune. Grand jury witnesses, including law enforcement officers, have absolute immunity from liability under § 1983 and *Bivens* as to testimony given. *Rehberg v. Paulk*, 132 S. Ct. 1497, 1506 (2012). "[T]his rule may not be circumvented by claiming that a grand jury witness conspired to present false testimony or by using evidence of the witness' testimony to support any other § 1983 claim concerning the initiation or maintenance of a prosecution. Were it otherwise, a criminal defendant turned civil plaintiff could simply reframe a claim to attack the preparation instead of the absolutely immune actions themselves." *Id.* (internal citations and quotations omitted).

Turning to qualified immunity, the qualified immunity defense protects "[g]overnment officials performing discretionary functions." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Government officials are "generally shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* The Supreme Court has made clear

9

that the "driving force" behind the creation of the qualified immunity doctrine was a desire to ensure that "insubstantial claims against government officials [will] be resolved prior to discovery." *Anderson v. Creighton*, 483 U.S. 635, 640, n.2 (1987) (internal citation omitted). Qualified immunity provides "immunity from suit rather than a mere defense to liability." *Robbins v. Becker*, 715 F.3d 691, 693 (8th Cir. 2013) (internal quotation omitted).

Plaintiffs allege Scamardo was part of a Prosecution Team that falsely charged them with enticing minors to engage in prostitution. However, all Plaintiffs admitted that minors were involved, as that fact was contained within each of their PSRs, and all objections related to the minors' involvement were either resolved or withdrawn, with the PSRs adopted by the Court. Further, the Court finds that the conduct did not violate any clearly established constitutional or statutory right, as the arrest and subsequent prosecution of Plaintiffs was clearly part of his duty as a law enforcement officer. Scamardo's actions are therefore of such a character that the attachment of qualified immunity is appropriate.

### C. In forma Pauperis

Separate Plaintiff Jason Fedele moves to appeal the dismissal of his claims against former Defendants *in forma pauperis*. "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). In its November 19, 2014 Order (Doc. 63), the Court dismissed Separate Defendants United States Attorney Conner Eldridge, and Assistant United States Attorneys Kyra E. Jenner, Tracy A. Triplett, Christopher Plumlee, Kenneth Elser, Deborah F. Groom, and

Candace L. Taylor because they are immune from suit. Therefore, the Court finds an appeal would not be taken in good faith and no certificate of appealability will issue.

## IV. CONCLUSION

Plaintiffs' Complaint fails to allege facts sufficient to remove the cloak of absolute and qualified immunity from Defendants regarding their actions as an advocate and law enforcement officer in pursuing criminal charges against Plaintiffs.

Accordingly, **IT IS THEREFORE ORDERED** that Separate Defendants Beth Phillips' and Ronald Scamardo's Separate Motions to Dismiss (Docs. 70 and 75) are **GRANTED**, and they are **DISMISSED WITH PREJUDICE**. The Court finds that Plaintiffs failed to serve Separate Defendants Grant Edwards and the Unknown U.S. Marshalls, and therefore they are not parties to this suit and are **DISMISSED WITHOUT PREJUDICE**. All further pleadings filed herein shall reflect the dismissal of the parties as stated. The claims against Separate Defendant Janet L. Ploudre and the United States have not been dismissed by this Order.

**IT IS FURTHER ORDERED** that the R & R (Doc. 89) is **ADOPTED IN ITS ENTIRETY** and therefore Jason M. Fedele's Motion for Leave to Appeal In Forma Pauperis (Doc. 86) is **DENIED**.

**IT IS SO ORDERED** this 17th day of July, 2015.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

11